UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BROOKE THOMPSON,

    Plaintiff,

        v.                        CAUSE NO. 1:22-CV-194-HAB-SLC

SICKAFOOSE, et al.,

    Defendants.

## OPINION AND ORDER

Brooke Thompson, a prisoner without a lawyer, filed a complaint, alleging a violation of her access to the courts while detained at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Thompson alleges that on March 31, 2022, she gave Lt. Sickafoose a Notice of Tort claim to be mailed out and specifically requested that it be sent via certified or registered mail as instructed on the claim form. She alleges that Lt. Sickafoose told her he would mail the claim form via certified mail and give her the receipt. However,

Thompson claims that Lt. Sickafoose sent it by regular mail instead, and as a result her $250,000 tort claim was denied.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds).

Here, Thompson's allegations against Lt. Sickafoose do not state a claim because she does not provide details about the underlying tort claim. If that claim was frivolous, then she cannot claim a denial of access to the courts. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right

2

to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (quotation marks, citations and footnote omitted). More information is necessary to proceed.

Additionally, Thompson names Officer Kelly Moss as a defendant, but it is not clear how that officer was involved in the decision to mail the tort claim by regular mail. In order for a defendant to be held individually liable under 42 U.S.C. § 1983, that defendant must have "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Thompson alleges that Officer Moss took her to the notary to learn more information about how to mail her tort claim. This allegation does not link Officer Moss to any later decisions about how to mail her tort claim.

This complaint does not state a claim for which relief can be granted. If she believes she can state a claim based on (and consistent with) the events described in this complaint, Thompson may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, she needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from her law library. After she properly completes that form addressing the issues raised in this order, she needs to send it to the court.

For these reasons, the court:

3

(1) GRANTS Brooke Thompson until **August 25, 2022**, to file an amended complaint; and

(2) CAUTIONS Brooke Thompson if she does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 21, 2022.

                                              s/ Holly A. Brady  
                                              JUDGE HOLLY A. BRADY  
                                              UNITED STATES DISTRICT COURT